**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 7 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MAXWELL GARIHAN,

        Petitioner - Appellant,

v.

ROBERT W. FURLONG; KENNETH
SALAZAR, Attorney General of the
State of Colorado; and JOHN
SUTHERS, Ex. Dir. D.O.C.,

        Respondents - Appellees.

No. 00-1333

(D.C. No. 00-Z-773)

(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **McKAY**, and **BRORBY**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

In 1995, Petitioner was convicted of second degree burglary, second degree

assault, and third degree assault following a jury trial in Colorado state court.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The court subsequently sentenced him to seven years of incarceration followed by any authorized parole period under Colo. Rev. Stat. § 17-22.5-303.  In 1996, however, a Colorado court reduced Petitioner's incarceration term to four years and five months.  The amended mittimus did not mention parole.  Petitioner completed his prison sentence on January 28, 1998, but claims that he was not released for almost four weeks.  Upon his release, Petitioner became subject to a period of mandatory parole.  After violating his parole terms, Petitioner was reincarcerated.

Petitioner, proceeding pro se, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with the Colorado Supreme Court.  That court denied his request. He then filed his habeas petition with the federal district court in Colorado. Petitioner claims that Colorado has unlawfully incarcerated him because his amended sentence did not mention a term of parole, so he never should have been subject to parole, or punished for a parole violation, in the first place; that a mandatory parole in addition to a prison sentence violates the Double Jeopardy Clause; and that imposition of parole by the Colorado Department of Corrections and the State Board of Parole violates the principle of separation of powers.  The district court denied the habeas petition on the merits.  Petitioner then requested a certificate of appealability, as he must under 28 U.S.C. § 2253, for leave to appeal the district court's decision.  That request was also denied.  Petitioner has

renewed his pursuit of a certificate of appealability with this court.

A court should grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner could do so by demonstrating that his claims warrant further proceedings, "subject to a different resolution on appeal," or are debatable among reasonable jurists. Montez v. McKinna, 208 F.3d 862, 869 (10th Cir. 2000).

Petitioner has not made the requisite showing on any of his claims. First, his parole is not unlawful despite the fact that his amended sentence failed to mention it. Under Colorado law, parole is mandatory for anyone convicted of certain felonies, see Colo. Rev. Stat. § 18-1-105(1)(a)(V)(A), whether the sentence or mittimus refers to it or not. See Craig v. People, 986 P.2d 951, 966 (Colo. 1999). Second, Colorado's sentencing system, which allows imprisonment followed by mandatory parole in certain circumstances, does not constitute double jeopardy, nor does it violate separation of powers principles. Indeed, we have already rejected these arguments in a similar case. See Deyulia v. Suthers, No. 00-1073, 2000 WL 1770049 (10th Cir. Dec. 1, 2000).

For the foregoing reasons, and as more fully explained in the district court's July 6, 2000, order and judgment, we **DENY** Petitioner's application for a certificate of appealability and **DISMISS** the appeal.

-3-

Entered for the Court


Monroe G. McKay
Circuit Judge